| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |
| BEFORE: ANNE Y. SHIELDS<br>        U.S. MAGISTRATE JUDGE | DATE: 2/25/2016<br>TIME: 10:30 AM<br>FTR: 10:39-10:58 |

CASE: **CV 15-6015 (DRH) (AYS)** Canon U.S.A. Inc. V. F&E Trading LLC et al

TYPE OF CONFERENCE: INITIAL

APPEARANCES:  Plaintiff   Dai Wai Chin Feman
                          Bruce R. Ewing

              Defendant  Steven E. Frankel

**THE FOLLOWING RULINGS WERE MADE:**

☐  Scheduling Order entered.

☐  Settlement conference scheduled for __ in courtroom 830 of the Long Island Courthouse. Counsel shall comply with the undersigned's individual rules on settlement.

☐  Proposed settlement pending: By __, each party shall notify the court by *ex parte* letter to chambers at (631) 712-5715 whether it accepts or rejects the proposed settlement. These letters will be kept confidential.

☐  The Joint Pretrial Order is accepted for filing and the action is deemed ready for trial.

☒  Other: This is a lawsuit alleging trademark infringement with respect to Defendants' sales of goods under the Canon name. There will shortly be pending before the District Court a motion to dismiss the individual Defendant, but discovery will nonetheless proceed. This Court hereby so orders the Plaintiff's proposed discovery schedule at this time. As part of phase one discovery, Plaintiff shall provide a list of all products alleged to have been improperly marketed by Defendants and the grounds for Plaintiff's belief that such products constitute "counterfeit," products, or products that are materially different from those sold by authorized Canon dealers. Such disclosure shall be made by March 25, 2016. Such production at this early phase is without prejudice to counsel supplementing this production if additional and more specific documents are identified or requested during Phase II of discovery. Defendant is to identify all "DBA's" under which it has distributed or sold products bearing the Canon name in the last five years. Defendant makes clear that it is not an authorized Canon dealer but takes the positions that the goods at issue are not counterfeit and that consumers are aware of the nature of the products purchased. Defendants also raise the defense of acquiescence in Defendants' prior sales. Defendants are to produce, by March 25, 2016 documents showing information on their websites or documents accompanying products, to supporting their claim that consumers are properly advised of the nature of products sold. Such production at this early phase is without prejudice to counsel supplementing this

production if additional and more specific documents are identified or requested during Phase II of discovery.  Counsel advise that they are working together with respect to electronic discovery issues and do not need the Court's intervention as to such matters. Issues have been raised, but not decided at this point, as to the need for and propriety of international discovery with respect to Canon, Inc., which is a Japanese company stated by Plaintiff to have no presence in the United States. Such issues can be raised after the taking of domestic paper discovery and the deposition of Plaintiff, during which counsel may explore issues relating to the Japanese company. Counsel are to appear for a further discovery status conference on June 15, 2016 at 10:30 A.M.  They are to submit a joint status letter to this Court on June 10, 2016 setting forth the progress of discovery and outlining the discovery necessary for this matter to be ready for trial and/or dispositive motion practice. 

      SO ORDERED

      /s/ Anne Y. Shields  
      ANNE Y. SHIELDS  
      United States Magistrate Judge