UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CANON U.S.A. INC.,

      Plaintiff,

  -against-

F & E TRADING LLC, a New York Limited
Liability Company, D/B/A BIG VALUE, INC.,
ELECTRONICS VALLEY, ELECTRONICS BASKET,
DAVISMAX, NETSALES AND SIXTH AVENUE; F & E
TRADING LLC, a New Jersey Limited Liability
Company, D/B/A BIG VALUE, INC., ELECTRONICS
VALLEY, ELECTRONICS BASKET, DAVISMAX,
NETSALES AND SIXTH AVENUE, AND ALBERT
HOULLOU,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 15 Civ. 6015 (DRH)(AYS)

# **DEFENDANT ALBERT HOULLOU'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

GOLDBERG & RIMBERG, PLLC
115 Broadway, Suite 302
New York, New York 10006
(212) 697-3250

*Attorneys for Defendant Albert Houllou*

Defendant Albert Houllou ("Houllou") respectfully submits this memorandum of law in support of his motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Canon U.S.A. Inc. ("CUSA") brought this lawsuit against F & E New York and F & E New Jersey (together, "F&E")[1] alleging that they sell cameras bearing the CANON trademark that are intended for foreign use and resale, or are otherwise materially different from Genuine CANON Cameras sold in the U.S.A. CUSA claims that F&E's conduct constitutes trademark infringement under the Lanham Act and common law unfair competition.

Notably, CUSA does not allege that F&E is selling fake CANON goods, or goods bearing the CANON trademark that were not manufactured by CANON. Rather, CUSA claims that F&E sells "Gray Market Cameras."

CUSA's claim against Houllou consists entirely of conclusory allegations that Houllou, as the President and CEO of F&E, directed F&E's alleged violations, and that he too thereby engaged in trademark infringement and common law unfair competition.

CUSA does not clarify in the Amended Complaint whether its claims against Houllou are for a direct violation of the Lanham Act and Common Law Unfair Competition, or for contributory liability. Either way, CUSA's allegations are insufficient to state a claim against Houllou. If CUSA seeks to hold Houllou liable for direct violations, it must pierce the corporate veil of F&E. However, as explained below, the Amended Complaint is devoid of allegations that

---

[1] Although Houllou disputes that F & E New York and F & E New Jersey can or should be defined together as a single name/entity, since the Amended Complaint makes no effort to distinguish between the two entities in its substantive allegations, Houllou, of necessity, refers herein to both defendant entities together as "F&E".

could permit Plaintiff to pierce the corporate veil. Similarly, CUSA fails to allege, as it must in order to plead contributory infringement, that Houllou intentionally induced F&E to infringe, that he continued to supply an infringing product to F&E with knowledge that F&E is mislabeling the particular product supplied, or that Houllou is a moving, active conscious force behind F&E's infringement.

Accordingly, all of Plaintiff's claims should be dismissed as to Houllou.

### SUMMARY OF THE FACTS [2]

CUSA alleges in its Amended Complaint that F&E sells cameras bearing the CANON trademark that are intended for foreign use and resale, or are otherwise materially different from Genuine CANON Cameras sold in the U.S.A, which CUSA terms "Gray Market Cameras." (Amended Complaint ("Am. Compl.") ¶ 2.) CUSA claims that F&E's conduct in selling Gray Market Cameras constitutes trademark infringement and unfair competition. (*Id*. ¶¶ 70-73.)

As to Houllou, CUSA makes several conclusory allegations that Houllou, as the President and CEO of F&E, directed F&E's alleged violations. (*Id*. ¶¶ 39, 42, 48, 49, 51, 58, 61, 64, 69.) CUSA also alleges:

> Upon information and belief, at all relevant times, Houllou is and has been the President and CEO of F&E, and online biographies of Houllou describe him as having "a leadership role with the company" who is "responsible for overseeing all daily operations, including business development, strategic planning, and sales operations. He also oversees the board of directors, manages staff, and makes key decisions about the direction of the firm." As part of his role at F&E, Houllou directly and personally participates and participated in the acts of trademark infringement and unfair competition described herein, with full knowledge that such activity is in violation of CUSA's trademark rights.

---

[2] While Houllou does not concede the accuracy of the facts as alleged in the Amended Complaint, for purposes of this motion to dismiss they are assumed to be true. The Amended Complaint is attached hereto as Exhibit A.

(*Id*. ¶ 12.) CUSA further alleges that Houllou formed F & E New York and F & E New Jersey. (*Id*. ¶¶ 8, 9, 39.)

CUSA originally filed a complaint on or about October 20, 2015 (the "Original Complaint"). On November 25, 2015, Defendants filed a pre-motion conference request letter in accordance with the Court's rules, arguing *inter alia* that CUSA's claims against Houllou should be dismissed. CUSA then filed an Amended Complaint on December 4, 2015. As per the Court's December 11, 2015 Order, the undersigned counsel informed the Court by letter on December 16, 2015 that Houllou wished to proceed with his request for a pre-motion conference. The Court waived the pre-motion conference and permitted Houllou to make the instant motion.

## ARGUMENT

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) ("*Bell Atlantic*"); *see also LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476 (2d Cir. 2009) (only a "plausible claim for relief survives a motion to dismiss"). The complaint's "allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555, 127 S. Ct. at 1965. Thus, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (internal quotation marks omitted).

### I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST HOULLOU

The Amended Complaint does not set forth any claim against Houllou apart from those alleged against F&E. Rather, CUSA purports to allege its claims for violations of Section

43(a)(1)(A) of the Lanham Act and for Common Law Unfair Competition against all Defendants, *i.e.*, F & E New York, F & E New Jersey, and Houllou, without distinguishing among the Defendants. CUSA also does not clarify in the Amended Complaint whether its claims against Houllou are for a direct violation of the Lanham Act and Common Law Unfair Competition, or for contributory liability. Regardless of its theory of liability, CUSA's claims against Houllou should be dismissed for failure to state a claim.

### A. Plaintiff Fails to Allege Direct Liability Against Houllou

CUSA's claims against Houllou must be dismissed to the extent that they seek to hold him directly liable, because it fails to allege facts sufficient to pierce the corporate veil of either F & E New York or F & E New Jersey. Moreover, CUSA fails to allege any actions or activity by Houllou to support a claim of direct infringement or unfair competition.

As the Federal Circuit explained in the context of patent infringement, "the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citation omitted). "'To determine whether corporate officers are personally liable for the direct infringement of the corporation … requires invocation of those general principles relating to piercing the corporate veil.'" *Id*. (citation omitted). In addition, conclusory allegations are insufficient to support a veil piercing claim. *KGK Jewelry LLC v. ESDNetwork*, 2013 WL 105780, at *6 (S.D.N.Y. Jan. 9, 2013).

Under New York choice of law rules, the "law of the state of incorporation determines when the corporate form will be disregarded." *Allison v. Clos-ette Too, LLC*, 2014 WL 4996358, at *4 (S.D.N.Y. Sept. 15, 2014) *adopted sub nom., Ellison v. Clos-ette Too, LLC*,

4

2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014).  Moreover, the veil-piercing principles applicable to corporations are generally applicable to limited liability companies as well.  *Id.*

"A fundamental purpose of incorporation is to protect the owner, president, or CEO from individual liability."  *Id.* (citations omitted).  "[U]nder New York law, the corporate veil will not be pierced unless the individual in question has 'exercised complete domination over the corporation with respect to the transaction at issue,' and the individual's domination 'was used to commit a fraud or wrong that injured the party seeking to pierce the veil.'"  *Trustees of the Local 813 Pension Trust Fund v. Canal Carting, Inc.*, 2014 WL 843244, at *7 (E.D.N.Y. Mar. 4, 2014) (citations omitted).  "In conducting a veil-piercing analysis, courts consider factors such as the following: '(1) the absence of the formalities which are part and parcel of normal corporate existence, *i.e.*, the issuance of stock, the election of directors, the keeping of corporate records, etc., (2) inadequate capitalization, (3) personal use of corporate funds, and (4) the perpetration of fraud by means of the corporate vehicle.'"  *Id.* (citations omitted).  "New York courts are reluctant to disregard the corporate form, and will do so only when it 'has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ... and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego.'"  *Allison*, 2014 WL 4996358, at *5 (citations omitted).

The law in New Jersey, which applies to claims with respect to Houllou vis-à-vis F & E New Jersey, is substantially the same.  *See Shuman v. Lauren Kim, Inc.*, 2015 WL 1472003, at *2 (D.N.J. Mar. 31, 2015) ("Under New Jersey law, a plaintiff may state a claim for piercing the corporate veil by showing: '(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using

5

the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law.'") (citation omitted). To survive a motion to dismiss, a plaintiff must allege that the owner of the New Jersey company "'completely dominate[s] the finances, policy, and business practice with respect to the subject transaction" to such a degree that the subsidiary has "no separate mind, will, or existence of its own.'" *Id*. (citation omitted). New Jersey courts consider the following factors: "gross undercapitalization ... failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of the funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders." *Id*. (citations omitted).

CUSA's Amended Complaint states no allegations bearing on any, let alone all, of those requite factors as to Houllou's purported dominance and control over either F&E entity under either New York or New Jersey law. In addition, even if Plaintiff could pierce F&E's corporate veil, CUSA fails to allege any personal actions or activity by Houllou to support a claim of direct infringement or unfair competition.

Accordingly, CUSA fails to state a direct liability claim against Houllou.

### B. Plaintiff Fails to Allege Contributory Liability Against Houllou

CUSA fails to plead non-conclusory facts sufficient to allege contributory liability against Houllou for F&E's alleged violations.

The Second Circuit has held that "[t]o be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 314 (2d Cir. 2013) (citations omitted). In addition, for Houllou to be personally liable for F&E's alleged

6

"trademark infringement and unfair competition," CUSA must establish that Houllou is a "'moving, active conscious force' behind [F&E's] infringement." *Bambu Sales, Inc. v. Inter-Am. Distributors, Inc.*, 1992 WL 717811, at *6 (E.D.N.Y. Oct. 23, 1992) (Hurley, J.) (citations omitted).

Allegations that an individual defendant is an officer of the defendant company who oversees the company's affairs generally, are insufficient to plead contributory infringement, even if coupled with conclusory allegations of personal participation. *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013) (dismissing copyright infringement claim against individual defendants based on the "conclusory allegation" that they "personally participated in [defendant company's] infringements and had knowledge, information, and control over such infringements"); *Cable News Network, L.P. v. GoSMS.com, Inc.*, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (claims that manager and director controlled affairs of company defendant and were "personally involved in the infringing conduct" were insufficient to plead trademark infringement as to those individuals). Moreover, a plaintiff's "conclusory allegations and argumentative inferences," made "upon information and belief," are "not accepted as true." *Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 207 (E.D.N.Y. 2006) (Hurley, J.).

Here, CUSA merely alleges, "upon information and belief," that Houllou is President and CEO of F&E, and that in such capacity he oversees general operations and makes high level key decisions. (Am. Compl. ¶ 12.) Notably, although CUSA makes the conclusory allegations that Houllou directly and personally participated in F&E's alleged acts of infringement and unfair competition, it has alleged no facts whatsoever to support such claims.

In *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, 2014 WL 4700014 (E.D.N.Y. Aug. 29, 2014) *adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014), the plaintiff alleged that:

> Upon information and belief, Defendant [individual] is an officer, director, shareholder and/or principal of [defendant company] and had a right and ability to supervise the infringing activities complained of herein. Defendant [individual] has an obvious and direct financial interest in the exploitation of the copyrighted materials complained of herein.

*Id*. at *4. The court held that such pleading, which merely "parrot[s] the case law's language in boilerplate fashion, … accomplishes nothing for purposes of establishing liability upon a defendant's default." *Id*. (citations omitted). Accordingly, the Magistrate Judge recommended (and the District Court adopted) that the default be vacated and the claims against the individual defendant dismissed for failure to state a claim. Similarly, CUSA has alleged only – "upon information and belief" – that Houllou, as an officer of F&E, had the ability to supervise F&E. Significantly, CUSA has made no non-conclusory allegations that Houllou personally participated in F&E's alleged acts of infringement and unfair competition, and has not alleged that Houllou had any direct financial interest in such infringement.

CUSA's conclusory allegations, made upon information and belief, are plainly insufficient to plead contributory trademark infringement or unfair competition against Houllou. Accordingly, CUSA's claims against Houllou should be dismissed as a matter of law.

## **CONCLUSION**

For all the foregoing reasons, Houllou respectfully request that the Court dismiss the claims against him in Amended Complaint, with prejudice.[3]

---

[3] The Amended Complaint should be dismissed with prejudice because Defendants' November 25, 2015 pre-motion conference request letter, addressed to the Original Complaint, put CUSA on notice of its pleading deficiencies, and thus its failure to correct them in the Amended Complaint demonstrates that CUSA's pleading cannot be remedied by amendment. *See Tasini v. AOL, Inc.*, 505 Fed. Appx. 45, 48, 2012 WL 6176559 (2d Cir. Dec. 12, 2012) (holding that District Court did

Dated: New York, New York
January 19, 2016

**GOLDBERG & RIMBERG PLLC**

By: <u>s/ Steven E. Frankel</u>
Efrem Schwalb
Steven E. Frankel
115 Broadway, Suite 302
New York, New York 10006
(212) 697-3250
ets@grlawpllc.com
sfrankel@grlawpllc.com

*Attorneys for Defendant Albert Houllou*

---

not abuse its discretion in dismissing the amended complaint with prejudice where "plaintiffs already had an opportunity to amend their original Complaint in response to a motion to dismiss"); *Miller v. HSBC Bank U.S.A., N.A.*, 2015 WL 585589, at *12 (S.D.N.Y. Feb. 11, 2015) (dismissing amended complaint because a "third attempt by [plaintiff] to state a claim in this action would be futile"); *Konowaloff v. Metro. Museum of Art*, 2011 WL 4430856, at *8 (S.D.N.Y. Sept. 22, 2011) (dismissing with prejudice the plaintiff's "second attempt to craft a viable complaint").

9