DORSEY & WHITNEY LLP
Richard H. Silberberg
Bruce R. Ewing
Dai Wai Chin Feman
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

*Attorneys for Plaintiff Canon U.S.A., Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANON U.S.A., INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>F & E TRADING LLC, a New York Limited Liability Company, D/B/A BIG VALUE, INC., ELECTRONICS VALLEY, ELECTRONICS BASKET, DAVISMAX, NETSALES AND SIXTH AVENUE; F & E TRADING LLC, a New Jersey Limited Liability Company, D/B/A BIG VALUE, INC., ELECTRONICS VALLEY, ELECTRONICS BASKET, DAVISMAX, NETSALES AND SIXTH AVENUE, and ALBERT HOULLOU,<br><br>    Defendants. | Case No. 2:15-cv-6015-DRH-AYS |

**MEMORANDUM OF LAW OF PLAINTIFF CANON U.S.A., INC. IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT ALBERT HOULLOU**

## TABLE OF CONTENTS

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF PLEADED FACTS ..........................................................................................2

    A.    Defendants' Violations of Canon USA's Trademark Rights.........................................2

    B.    Houllou's Direct Participation in Defendants' Acts of
Infringement and Unfair Competition ..........................................................................3

ARGUMENT ...................................................................................................................................4

    A.    The Court Should Ignore Houllou's Arguments Concerning
the Piercing of the Corporate Veil and Contributory Infringement...............................5

    B.    The Amended Complaint Pleads Sufficient Specific Facts to State Claims
That Houllou Has Personally Participated in and Overseen F&E's Acts of
Unfair Competition ........................................................................................................6

CONCLUSION ..............................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................4, 5

*Cable News Network, L.P. v. GoSMS.com, Inc.*,
  No. 00 CIV. 4812 (LMM), 2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000)................................9

*Chambers v. Time Warner*,
  282 F.3d 147 (2d Cir. 2002).....................................................................................................4

*Chloe v. Queen Bee of Beverly Hills, LLC*,
  No. 06 CIV. 3140 RJH, 2011 WL 3678802 (S.D.N.Y. Aug. 19, 2011)...................................6

*Erickson v. Pardus*,
  551 U.S. 89 (2007)..................................................................................................................5

*FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*,
  No. 14-CV-3685 SJF SIL, 2015 WL 4162757 (E.D.N.Y. July 8, 2015)..........................6, 8, 9

*Ferrari v. Cty. of Suffolk*,
  790 F. Supp. 2d 34 (E.D.N.Y. 2011) .....................................................................................10

*Global Network Communications, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006).....................................................................................................4

*Grossman v. Maplewood Sch.*,
  No. 11 CV 4580 DRH GRB, 2012 WL 3878238 (E.D.N.Y. Sept. 6, 2012) ..........................10

*Inwood Labs., Inc. v. Ives Labs.*,
  456 U.S. 844 (1982)..................................................................................................................6

*J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*,
  No. 13-CV-6173 ENV JO, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014).............................9

*Krevat v. Burgers To Go, Inc.*,
  No. 13-CV-6258 JS AKT, 2015 WL 1412707 (E.D.N.Y. Mar. 23, 2015)..........................7, 8

*Montana Jewelry, Inc. v. Risis*,
  No. 11-CV-04875 DLI SMG, 2013 WL 1232324 (E.D.N.Y. Mar. 26, 2013) .........................5

*Procter & Gamble Co. v. Xetal, Inc.*,
　No. 04-CV-2820(DRH)(WDW), 2006 WL 752838 (E.D.N.Y. Mar. 23, 2006) ........................ 7

*Salahuddin v. Cuomo*,
　861 F.2d 40 (2d Cir.1988) ................................................................................................... 5

*Scheuer v. Rhodes*,
　416 U.S. 232 (1974) ............................................................................................................ 4

*Warren v. John Wiley & Sons, Inc.*,
　952 F. Supp. 2d 610 (S.D.N.Y. 2013) ................................................................................. 9

*Zino Davidoff, S.A. v. CVS Corp.*,
　571 F.3d 238 (2d Cir. 2009) ................................................................................................ 2

**Statutes**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 4, 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... *passim*

15 U.S.C. § 1125(A) ........................................................................................................... 1, 5, 6

## PRELIMINARY STATEMENT

To hear defendant Albert Houllou tell it, the only references to him in the Amended Complaint ("AC") [ECF No. 17] of plaintiff Canon U.S.A., Inc. ("Canon USA") are "conclusory allegations" that Houllou is the President and CEO of defendants F&E Trading LLC (of New York) and F&E Trading LLC (of New Jersey) (collectively, "F&E"). He then says that his position at F&E, by itself, is not enough for him to be held individually liable on Canon USA's claims for unfair competition under 15 U.S.C. § 1125(A) and New York common law. *See* Houllou's Memorandum of Law in Support of Motion to Dismiss Amended Complaint ("Moving Br.") at 1. However, this is a willfully misleading characterization of what the Amended Complaint pleads. In reality, the Amended Complaint specifies not just the titles Houllou holds with F&E, but how he has held himself out as the person who oversees "all daily operations" of F&E, including its "sales operations." Canon USA's pleading also details how Houllou has bragged about making the "key decisions" for F&E, which would include what it actually does to generate revenue: sell imported cameras not intended for resale in the U.S. that are materially different from the genuine goods sold by Canon USA under the CANON trademark, and thereby violate U.S. and New York law.

At this stage, all Canon USA has to do to state a claim against Houllou individually is plead that he served as the moving, active, conscious force behind the acts of unfair competition at issue. Based on his own characterization of his actions, it is apparent that Houllou can be held liable in this action not just by virtue of his titles, but because of what the Amended Complaint specifically pleads he did. As a result, the Court should deny Houllou's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF PLEADED FACTS

The following facts are taken from the Amended Complaint ("AC") and the materials referenced therein, and they are presumed true for purposes of this motion.

A. <u>Defendants' Violations of Canon USA's Trademark Rights</u>

Canon USA imports, markets, distributes and sells genuine CANON-brand cameras that are intended for use and resale in the U.S. ("Genuine CANON Cameras"). AC ¶ 2. In contrast, Defendants have built a substantial component of their business in the U.S. by marketing, selling, and distributing cameras bearing the CANON trademark that are not genuine. AC ¶ 3. Defendants' goods are not genuine to the extent they are either intended for use and resale in Asia or Europe, or are otherwise materially different from Genuine CANON Cameras sold in the U.S. (collectively, "Gray Market Cameras"). *Id.* The Gray Market Cameras are materially different from Genuine CANON Cameras in multiple respects, including, without limitation:

- Serial numbers that are either missing, counterfeit or mutilated;
- Lack of manufacturer's warranties or inferior warranty coverage;
- Packaging that does not accurately describe the products contained therein;
- The inclusion of cheap photocopies of product operating manuals, as opposed to the genuine manuals that accompany Genuine CANON Cameras; and
- Power supplies and accessories that are manufactured by third parties and/or are not compliant with applicable laws, regulations and certifications.

AC ¶ 4.[1]

---

[1] At various points in his Moving Brief, Houllou minimizes the claims against F&E as involving the mere sale of Gray Market Cameras, which he tries to contrast favorably with "selling fake CANON goods" or offering "goods bearing the CANON trademark that were not manufactured by CANON." Moving Brief at 1. This effort to take credit for things F&E is <u>not</u> charged with doing overlooks the misconduct with which they <u>are</u> charged: selling products that are not genuine and thereby misleading consumers, in violation of U.S. and New York law. *Zino Davidoff, S.A. v. CVS Corp.*, 571 F.3d 238, 243-46 (2d Cir. 2009) (gray market goods that are

2

B. Houllou's Direct Participation in
Defendants' Acts of Infringement and Unfair Competition

Houllou formed F&E New York in 2008 and F&E New Jersey in 2010. AC ¶¶ 8-9. At all relevant times, Houllou is and has been the President and CEO of F&E. *Id.* ¶ 12. Online biographies of Houllou describe him as having "a leadership role within the company" who is "responsible for overseeing **all** daily operations, including business development, strategic planning, **and sales operations**." *Id.* (emphasis added). In addition, Houllou "oversees the board of directors, manages staff, and **makes key decisions** about the direction of the firm." *Id.* (emphasis added). Houllou also registered and owns the domain name for F&E's company website, http://www.fetrading.com, which contains deceptively altered depictions of the CANON trademark. AC ¶ 42.

In connection with his role as the person actively in charge of F&E, Houllou has directly and personally participated in acts of trademark infringement and unfair competition, with full knowledge that such actions violate Canon USA's trademark rights. AC ¶ 12, 39. Indeed, in a corporate video touting F&E's business,[2] Houllou describes himself as the founder and CEO of F&E. *Id.* ¶ 39. He chronicles how the company has grown, and how it has established very strong relationships with "overseas" vendors. As Houllou and others describe F&E's business (including that products are individually checked upon receipt before they are transferred to F&E's receiving department), images of Gray Market Cameras bearing the CANON Mark that are stored in F&E's warehouse are depicted prominently, and Canon products are specifically mentioned. *See id.*

---

materially different, even slightly, from genuine goods bearing the brand owner's mark impede the brand owner's quality control efforts and can compromise the brand's reputation among consumers, making them illegal under U.S. law).

[2] The video is accessible at: https://www.youtube.com/watch?v=i1i-R563tdg&feature=youtu.be.

3

Thus, F&E, at the direction of Houllou, is importing Gray Market Cameras bearing the CANON trademark from Asia and Europe. AC ¶ 48. Many of the Gray Market Cameras are intended for use and resale only in Asian and European markets. *Id.* After importing Asian and European Gray Market Cameras, F&E, at Houllou's direction, is marketing, distributing and selling the Gray Market Cameras to U.S. consumers as Genuine CANON Cameras through Internet advertising, F&E's websites and online marketplaces under the identities of F&E Trading and certain DBAs that are identified in the Amended Complaint. *Id.* ¶¶ 49, 51, 58, 61, 64, 69.

## ARGUMENT

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to "test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits." *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original). On such a motion, a court may assess "the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Id.* The issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, in considering a motion to dismiss pursuant to Rule 12(b)(6), a court should construe the pleading liberally, accept all factual allegations in the pleading at issue as true, and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002).

Fed. R. Civ. P. 8(a)(2) only requires a "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). The purpose of Rule 8 notice pleading is to "enable [the adverse party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). A pleading generally does not "need detailed factual allegations," and need only be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The Court in *Twombly* did not impose a heightened pleading requirement beyond the notice pleading requirements of Rule 8. *Id.*; *Erickson v. Pardus*, 551 U.S. 89 (2007) (holding two weeks after *Bell Atlantic* that courts may not depart from Rule 8 liberal notice pleading). Indeed, Rule 8 "does not require 'detailed factual allegations,'" but requires only that a complaint set forth factual allegations that raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under this standard, it is clear that Canon USA has pleaded facts sufficient to allege that Houllou is personally liable for directly violating Section 43(a)(1)(A) of the Lanham Act and perpetrating acts of common law unfair competition.

A.  The Court Should Ignore Houllou's Arguments Concerning
    the Piercing of the Corporate Veil and Contributory Infringement

The argument section of the Moving Brief opens with a lengthy discussion of how the Amended Complaint fails to plead facts sufficient to pierce the corporate veil of F&E and hold Houllou directly liable, *id.* at 4-6, but so what? Canon USA is not seeking to hold Houllou liable as an alter ego of F&E, but for the acts of unfair competition he personally oversaw and participated in as a corporate officer. *See Montana Jewelry, Inc. v. Risis*, No. 11-CV-04875 DLI SMG, 2013 WL 1232324, at *9 (E.D.N.Y. Mar. 26, 2013) ("Owners or officers of a corporation may, of course, be held liable for their own infringement absent application of the veil piercing doctrine") (quotation omitted). The Court therefore should disregard Houllou's arguments about veil piercing, which are a red herring.

5

In addition, the Moving Brief confuses the concept of contributory infringement – in which a defendant "intentionally induces another to infringe a trademark, or . . . continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement," *Inwood Labs., Inc. v. Ives Labs.*, 456 U.S. 844, 854 (1982) – with the principle of holding individual corporate officers directly liable for their <u>own</u> acts of willful participation in acts of unfair competition. Having elected to answer instead of joining this motion, F&E has tacitly admitted that Canon USA has adequately pleaded claims of federal and New York State unfair competition against it, so the question is whether the Amended Complaint pleads sufficient, specific facts concerning Houllou's own participation in the misconduct with which F&E has been charged. The answer to that question is plainly yes.

B. The Amended Complaint Pleads Sufficient Specific Facts to State Claims That Houllou Has Personally Participated in and Overseen F&E's Acts of Unfair Competition

It is well-settled that "[a] company's individual officer can be held personally liable under the Lanham Act if the officer is a moving, active, conscious force behind the corporation's infringement." *FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*, No. 14-CV-3685 SJF SIL, 2015 WL 4162757, at *5 (E.D.N.Y. July 8, 2015) (quoting *Century 21 Real Estate, LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 283 (E.D.N.Y. 2009)); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06 CIV. 3140 RJH, 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011) ("It is well established in the Second Circuit that under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active[,] conscious[,] force behind [the defendant corporation's] infringement") (internal citations and quotations omitted)).

"In determining whether the officer's acts render him individually liable, it is immaterial whether he knows that his acts will result in an infringement." *Id.* (quoting *Bambu Sales, Inc. v.*

6

*Sultana Crackers, Inc.*, 683 F.Supp. 899, 913-14 (E.D.N.Y. 1988)). "Demonstrating that a corporate officer 'authorized and approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability.'" *Krevat v. Burgers To Go, Inc.*, No. 13-CV-6258 JS AKT, 2015 WL 1412707, at *4 (E.D.N.Y. Mar. 23, 2015) (quoting *Study Logic, LLC v. Clear Net Plus, Inc.*, No. 11–CV–4343, 2012 WL 4329349, at *11 (E.D.N.Y. Sept. 21, 2012)). Moreover, since courts must accept a complaint's allegations as true at the motion to dismiss stage, the "nature and extent" of an individual defendant's participation in the alleged infringement "is a question of fact not appropriate for disposition under Rule 12(b)(6)." *Procter & Gamble Co. v. Xetal, Inc.*, No. 04-CV-2820(DRH)(WDW), 2006 WL 752838, at *2 (E.D.N.Y. Mar. 23, 2006) (Hurley, J.).

Here, the Amended Complaint contains numerous allegations demonstrating that Houllou is a moving, active, conscious force behind F&E's wrongdoing. Specifically, the Amended Complaint details that:

- Houllou founded F&E;

- Houllou is and has been the President and CEO of F&E at all relevant times;

- Houllou has an active leadership role within F&E;

- Houllou is responsible for overseeing all daily operations of F&E, including business development, strategic planning, and sales operations;

- Houllou registered F&E's company website in his own name, and that website displays an altered version of the CANON trademark;

- Houllou oversees the board of directors of F&E;

- Houllou manages the staff of F&E;

- Houllou makes the key decisions about the direction of F&E;

- Houllou is directing F&E to import Gray Market Cameras from Asia and Europe; and

- Houllou is directing F&E to market, distribute, and sell the Gray Market Cameras to U.S. consumers as Genuine CANON Cameras.

AC ¶¶ 12, 39, 42, 48-51.

As an executive involved in all levels of F&E's business – from registering websites, to managing staff, to overseeing all daily operations, to overseeing the board of directors – it is clear that Houllou is alleged to be a "moving, active, conscious force behind the corporation[s]' infringement." *FC Online Mktg., Inc.*, 2015 WL 4162757, at *5 (denying motion to dismiss where complaint alleged that managing member of corporate defendant knew of the plaintiff's business and mark, and used an infringing mark to divert revenue from the plaintiff for his own economic gain). Canon USA has thus alleged that Houllou "authorized and approved the acts of unfair competition which are the basis of the corporation[s]' liability," and the Amended Complaint is therefore "sufficient to subject [Houllou] to personal liability." *See Krevat*, 2015 WL 1412707, at *4 (E.D.N.Y. Mar. 23, 2015) (denying motion to dismiss where complaint alleged that owner and manager of corporate defendant "was behind" infringement).

In an unavailing attempt to avoid the abundant allegations and specific facts pleaded against him in the Amended Complaint, Houllou contends in conclusory fashion that Canon USA "has alleged no facts whatsoever" to support its claims against Houllou. Moving Br. at 7. Although Houllou acknowledges the allegations that he is "President and CEO of F&E," "oversees general operations and makes high level key decisions," and "as an officer of F&E, had the ability to supervise F&E," he attempts to dismiss such allegations on the basis that they were made "upon information and belief" and do not allege that "Houllou had any direct financial interest" in the infringement. *See id.* at 7-8.

Houllou's efforts to minimize Canon USA's allegations are without merit. Houllou wholly ignores that Canon USA has alleged specific facts regarding Houllou's role as the

8

moving, active, conscious force that directed F&E to import and sell the materially different Gray Market Cameras. Furthermore, although the Amended Complaint does not specifically allege that Houllou had a "direct financial interest" in the infringement and unfair competition, it does allege that Houllou is the founder, President and CEO of F&E, and that the infringing conduct has deprived Canon USA "of the opportunity to earn profits from the sale of Genuine CANON Cameras to consumers," AC ¶ 43. Thus, drawing "all reasonable inferences" in Canon USA's favor, Houllou is alleged to have a direct financial interest in the acts of unfair competition perpetrated by F&E. In addition, that Canon USA has made allegations "upon information and belief" is not of consequence, particularly in light of how Houllou himself has described his actions. *See, e.g., FC Online Mktg., Inc.*, 2015 WL 4162757, at *6 (quoting allegation made "[u]pon information and belief" in context of holding that allegations were "sufficient at the pleadings stage to state plausible claims" for individual liability).

Houllou also cites a number of cases to support his arguments, but the contrast between them and the facts pleaded by Canon USA is both glaring and unfavorable to his position. For instance, in *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013), the court dismissed claims against individual defendants where they "failed to state any fact-based allegations" that the defendants "played any part at all" in the alleged infringement. Similarly, in *Cable News Network, L.P. v. GoSMS.com, Inc.*, No. 00 CIV. 4812 (LMM), 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000), the court dismissed claims against the individual defendant because there were no "allegations of acts of infringement, supervision or control." Finally, in *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173 ENV JO, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014), a vicarious liability case, the court dismissed claims where there was

9

only one, "specific non-boilerplate allegation" and the other allegations merely "parrot[ed] the case law's language in boilerplate fashion."

Here, unlike the allegations at issue in these cases, the Amended Complaint contains multiple specific factual allegations regarding Houllou's intimate involvement in F&E's business and misconduct. Rather than "parrot the case law's language in boilerplate fashion," Canon USA has spelled out Houllou's role in a manner that is more than sufficient to survive a motion to dismiss.[3]

---

[3] The Moving Brief contains a footnote stating that the Amended Complaint "should be dismissed with prejudice" because Houllou supposedly "put Canon USA on notice of its pleading deficiencies," which were purportedly not remedied by amendment. Moving Brief at 8. This argument is misplaced. Under controlling law, "leave to replead should be given unless a plaintiff is unable to allege any facts sufficient to support its claim." *Grossman v. Maplewood Sch.*, No. 11 CV 4580 DRH GRB, 2012 WL 3878238, at *5 (E.D.N.Y. Sept. 6, 2012) (citation omitted). Courts routinely dismiss claims without prejudice and with leave to replead following discovery. *See, e.g., Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 46-47 (E.D.N.Y. 2011) (dismissing claims against individual defendants without prejudice, and holding that "Plaintiff is free to seek the Court's leave to replead his claims against these Defendants, either now or upon obtaining new information during discovery"). Here, Canon USA's Amended Complaint clearly alleges facts supporting its claims against Houllou, and Houllou does not contest that Canon USA has stated the elements of its causes of action against F&E. Nevertheless, in the event the Court grants Houllou's motion, notwithstanding the well-taken arguments set forth herein, Canon USA respectfully submits that it should be given leave to replead its allegations after discovery, and be permitted specifically to take discovery on the issue of Houllou's personal involvement in the acts of unfair competition at issue.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Canon U.S.A., Inc. respectfully requests that the Court deny in its entirety the motion to dismiss the Amended Complaint made by Defendant Albert Houllou.

Dated: New York, New York
February 16, 2016

**DORSEY & WHITNEY LLP**

By: */s/ Richard H. Silberberg*
    Richard H. Silberberg
    silberberg.richard@dorsey.com
    Bruce R. Ewing
    ewing.bruce@dorsey.com
    Dai Wai Chin Feman
    chinfeman.daiwai@dorsey.com
    51 West 52nd Street
    New York, NY 10019-6119
    (212) 415-9200

*Attorneys for Plaintiff Canon U.S.A., Inc.*