UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CANON U.S.A. INC.,

                Plaintiff,

      -against-

F & E TRADING LLC, a New York Limited
Liability Company, D/B/A BIG VALUE, INC.,
ELECTRONICS VALLEY, ELECTRONICS BASKET,
DAVISMAX, NETSALES AND SIXTH AVENUE; F & E
TRADING LLC, a New Jersey Limited Liability
Company, D/B/A BIG VALUE, INC., ELECTRONICS
VALLEY, ELECTRONICS BASKET, DAVISMAX,
NETSALES AND SIXTH AVENUE, AND ALBERT
HOULLOU,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 15 Civ. 6015 (DRH)(AYS)

**DEFENDANT ALBERT HOULLOU'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

GOLDBERG & RIMBERG, PLLC
115 Broadway, Suite 302
New York, New York 10006
(212) 697-3250

*Attorneys for Defendant Albert Houllou*

Defendant Albert Houllou ("Houllou") respectfully submits this reply memorandum of law in further support of his motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

In the Memorandum of Law of Plaintiff Canon U.S.A., Inc. in Opposition to Motion to Dismiss of Defendant Albert Houllou ("Opposition Brief" or "Opp. Br."), Plaintiff Canon U.S.A., Inc. ("CUSA") makes significant admissions which narrow the scope of its claim against Houllou and clarify why its claims against Houllou should be dismissed.

First, CUSA argues that it is not claiming that Houllou is liable under a theory of contributory infringement, but rather as a direct participant in F&E's alleged infringement. (*Id*. at 5-6.) Accordingly, for Houllou to be liable, CUSA must plead (and ultimately prove) that Houllou personally participated in the alleged infringement by the defendant companies. However, as explained in Defendant Albert Houllou's Memorandum of Law in Support of Motion to Dismiss the Amended Complaint ("Moving Brief" or "Mov. Br."), CUSA has failed to plead facts supporting its *conclusory* allegations that Houllou *personally participated* in any alleged infringement activities by F&E.[1]

Ironically, CUSA accuses Houllou's Moving Brief of providing a "willfully misleading characterization of what the Amended Complaint pleads" by making reference only to "'conclusory allegations' that Houllou is the President and CEO" of F&E. (Opp. Br. at 1.) In reality, however, the fact section of the Moving Brief cites every single paragraph of the Amended Complaint cited in the fact section of CUSA's Opposition Brief concerning Houllou, and quotes

---

[1] As explained in the Moving Brief (p.1, n.1), since the Amended Complaint makes no effort to distinguish between F & E New York and F & E New Jersey, Houllou refers herein to both defendant entities together as "F&E".

many of those allegations verbatim. (*Compare* Mot. Br. at 2-3 *with* Opp. Br. at 3-4.) Moreover, CUSA misses the point. The Amended Complaint's conclusory allegations are not that Houllou is President and CEO of F&E or that he has a supervisory role; rather, CUSA's unsupported conclusory claims are that Houllou, by virtue of his position, must have directed or participated in F&E's alleged violations. The absence of any factual allegations supporting CUSA's conclusory claim of Houllou's participation is fatal to its Lanham Act claim against Houllou. Indeed, every case cited by CUSA in its opposition brief can be distinguished on the fundamental basis that CUSA's allegations concerning Houllou's participation lack any factual support.

In addition, CUSA acknowledges that it is "not seeking to hold Houllou liable as an alter ego of F &E" and argues that the Court should therefore "disregard Houllou's arguments about veil piercing, which are a red herring." (Opp. Br. at 5.) Significantly, this concession bars CUSA's claim against Houllou for common law unfair competition.

Accordingly, both of Plaintiff's claims should be dismissed as to Houllou.

**ARGUMENT**

**I.  PLAINTIFF'S LANHAM ACT CLAIM GAINST HOULLOU MUST BE DISMISSED**

CUSA now clarifies that it is not claiming that Houllou is liable under the theories of piercing the corporate veil or contributory infringement. (Opp. Br. at 5-6.) Rather, CUSA claims that Houllou is liable as a direct participant in, and that he was a "moving, active, conscious force behind," F&E's alleged infringement and Lanham Act violation. (*Id*. at 6-10.)

Significantly, every one of the cases cited by CUSA for its argument that Houllou can be held personally liable under the Lanham Act discussed and required allegations of actual direct participation by the individual – not merely their management or supervisory positions. *See Montana Jewelry, Inc. v. Risis*, 2013 WL 1232324, at *9 (E.D.N.Y. Mar. 26, 2013) (individual

2

defendants themselves executed document stating that plaintiff owned a domain name, but nevertheless registered it in their own names; they refused to transfer ownership of the website; and they demanded money to transfer ownership to plaintiff); *FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*, 2015 WL 4162757, at *6 (E.D.N.Y. July 8, 2015) (individual defendant was former licensee of plaintiff and thus he knew of plaintiff's website, mark and trade dress, and he used an infringing mark to compete with plaintiff's mark for his own and the company's economic gain); *Chloe v. Queen Bee of Beverly Hills, LLC*, 2011 WL 3678802, at *5 (S.D.N.Y. Aug. 19, 2011) (individual defendant met with his source to determine which handbags were available to purchase and pricing, contacted agent to decide which bags to purchase, and purchased and shipped the counterfeit bags for company to sell); *Krevat v. Burgers To Go, Inc.*, 2015 WL 1412707, at *4 (E.D.N.Y. Mar. 23, 2015) (plaintiff contacted individual defendant who was owner and manager, and demanded that defendants cease unauthorized use of plaintiff's trademarks, but defendants refused); *Procter & Gamble Co. v. Xetal, Inc.*, 2006 WL 752838, at *1-2 (E.D.N.Y. Mar. 23, 2006) (Hurley, J.) (individual defendant purchased and sold counterfeit products).[2]

In stark contrast, CUSA cites the following allegations from the Amended Complaint to support its claims against Houllou:

(a) Houllou founded F&E;

(b) Houllou is and has been the President and CEO of F&E at all relevant times;

(c) Houllou has an active leadership role within F&E;

(d) Houllou is responsible for overseeing all daily operations of F&E, including business development, strategic planning, and sales operations;

---

[2] The cases quoted by the cases cited by CUSA similarly all allege specific facts showing direct participation by the individual defendants in the companies' infringement.

3

>(e) Houllou registered F&E's company website in his own name, and that website displays an altered version of the CANON trademark;
>
>(f) Houllou oversees the board of directors of F&E;
>
>(g) Houllou manages the staff of F&E;
>
>(h) Houllou makes the key decisions about the direction of F&E;
>
>(i) Houllou is directing F&E to import Gray Market Cameras from Asia and Europe; and
>
>(j) Houllou is directing F&E to market, distribute, and sell the Gray Market Cameras to U.S. consumers as Genuine CANON Cameras.

(Opp. Br. at 7-8 (citing Am. Compl. ¶¶ 12, 39, 42, 48-51).) Significantly, however, the first eight of these allegations (a through h) all merely claim that Houllou has a leadership and management position in F&E and that he had the ability to make high level decisions. None of those allege any *actual participation* by Houllou in any alleged infringement.

In addition, as the Court in *Chloe* explained, if the corporate officer was not a "direct participant in the infringing activity," the assumption that he "must have approved of the infringing act" is present only when the officer was the "sole shareholder and employee" of the company. *Chloe*, 2011 WL 3678802, at *5. CUSA does not, and cannot, allege that Houllou is the sole shareholder and employee of F&E.

The only allegations cited by CUSA that claim any actual participation by Houllou in the alleged infringing activities are the final two: (i) Houllou is directing F&E to import Gray Market Cameras from Asia and Europe; and (j) Houllou is directing F&E to market, distribute, and sell the Gray Market Cameras to U.S. consumers as Genuine CANON Cameras. (Opp. Br. at 7-8.) While CUSA argues that "Houllou contends in conclusory fashion that Canon USA 'has alleged no facts whatsoever' to support its claims against Houllou," CUSA then proceeds to discuss its factual allegations concerning Houllou's title and supervisory role in F&E. (*Id*. at 7.)

4

Significantly however, CUSA did not, and cannot, point to any *factual allegations* in the Amended Complaint indicating that Houllou *participated* in any infringement or that he *personally directed* any infringement.

Rather, as explained in Houllou's Moving Brief, CUSA's allegations of personal participation without factual basis are wholly conclusory and thus insufficient to defeat a motion to dismiss. *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013) (dismissing copyright infringement claim against individual defendants based on the "conclusory allegation" that they "personally participated in [defendant company's] infringements and had knowledge, information, and control over such infringements"); *Cable News Network, L.P. v. GoSMS.com, Inc.*, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (claims that manager and director controlled affairs of company defendant and were "personally involved in the infringing conduct" were insufficient to plead trademark infringement as to those individuals); *see also Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 207 (E.D.N.Y. 2006) (Hurley, J.) (a plaintiff's "conclusory allegations and argumentative inferences" are "not accepted as true.").

Accordingly, CUSA's Lanham Act claim against Houllou should be dismissed.

## II.     PLAINTIFF'S COMMON LAW UNFAIR COMPETITION CLAIM GAINST HOULLOU MUST BE DISMISSED

CUSA admits that it is not seeking to hold Houllou liable under a theory of piercing the corporate veil of F&E. (Opp. Br. at 5.) This admission is fatal to CUSA's common law claim against Houllou for unfair competition.

As explained in *Study Logic, LLC v. Clear Net Plus, Inc.*, a case quoted by CUSA (Opp. Br. at 7), in order to hold corporate officers liable for state law claims, including unfair competition, a plaintiff is required to set forth facts sufficient to pierce the corporate veil. *Study Logic*, 2012 WL 4329349, at *12 (E.D.N.Y. Sept. 21, 2012); *see also Herald Hotel Associates v.*

5

*Ramada Franchise Systems, Inc.*, 1992 WL 12664944 [pincite unavailable] (Sup. Ct. N.Y. Cnty., Aug. 5, 1992) ("plaintiff has sufficiently alleged a cause of action in unfair competition against movants Ramada and Hospitality, but not Blackstone and Silverman. As to the later defendants, plaintiff has failed to allege that these individuals acted as other than directors/owners of the corporate entity. Nor has plaintiff alleged facts which would warrant piercing the corporate veil."). The same is true under New Jersey law, applicable to claims as pertains to F&E New Jersey. *See Anello Fence, LLC v. Vca Sons, Inc.*, 2016 WL 354746, at *4 (D.N.J. Jan. 27, 2016) (the pleading contains "allegations against [the individual] for all counts, including … unfair competition. The relevant question, therefore, is whether the [pleading] alleges facts sufficient to show that [counterclaimant] has a plausible claim for piercing the corporate veil and reaching [the individual] in his individual capacity for activities that he conducted in connection with his outdoor fence business."). Plaintiff's admission that it has not alleged that the F&E's corporate veil may be pierced thus precludes CUSA's common law unfair competition claim against Houllou.

In addition, if the Court holds that CUSA need not pierce the corporate veil for its unfair competition claim against Houllou, the claim still must be dismissed for the same reason as the Lanham Act claim; *i.e.*, because CUSA failed to allege any facts indicating that Houllou himself participated in any alleged acts of unfair competition.

Accordingly, CUSA's common law unfair competition claim against Houllou should be dismissed.

6

**CONCLUSION**

For all the foregoing reasons, and the reasons set forth in the Moving Brief, Houllou respectfully requests that the Court dismiss all of the claims against him in Amended Complaint, with prejudice.[3]

Dated: New York, New York
       March 7, 2016

**GOLDBERG & RIMBERG PLLC**

By:   s/ Steven E. Frankel
      Efrem Schwalb
      Steven E. Frankel
      115 Broadway, Suite 302
      New York, New York 10006
      (212) 697-3250
      ets@grlawpllc.com
      sfrankel@grlawpllc.com

      *Attorneys for Defendant Albert Houllou*

---

[3] As explained in Houllou's Moving Brief, the Amended Complaint should be dismissed with prejudice, as it is CUSA's second bite at the apple attempting to plead allegations against Houllou, and its failure to correct the deficiencies present in the original complaint demonstrates that CUSA's pleading cannot be remedied by amendment. (Mot. Br. at 8 n.3.) CUSA responds that if the Court grants Houllou's motion to dismiss, CUSA should be given leave to replead its allegations after discovery, and should be permitted specifically to take discovery on the issue of Houllou's alleged personal involvement in the acts of unfair competition at issue. (Opp. Br. at 10 n.3). However, if the Court dismisses Houllou from this action, either with or without prejudice, CUSA should be precluded from engaging in the fishing expedition it proposes with the express purpose of seeking discovery to bring Houllou back into the lawsuit. Nevertheless, the Court need not address this issue at this stage, and the parties can address this issue through appropriate motion practice in the course of discovery if necessary.