UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CANON U.S.A., INC.,
    Plaintiff,

- vs -

F & E TRADING LLC, a New York Limited Liability Company; F & E TRADING LLC, a New Jersey Limited Liability Company; BIG VALUE PLUS LLC d/b/a BIG VALUE INC.; ANOTHER DEAL SITE LLC; PLATINUM CAPITAL GROWTH LLC d/b/a ELECTRONICS VALLEY; ELECTRONICS BASKET LLC; ELITE IT GROUP LLC d/b/a DAVISMAX, NETSALES, WEB OFFERS, and BRAND SPECIALS; 6TH AVENUE EXPRESS LLC d/b/a GADGET CIRCUIT; and ALBERT HOULLOU,

    Defendants.

Case No.: 2:15-cv-6015
(DRH)(AYS)

---

HURLEY, Senior District Judge:

**MEMORANDUM & ORDER
ON DEFENDANT ALBERT HOULLOU'S MOTION TO DISMISS**

I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(6), individual defendant Albert Houllou ("Houllou") moves this Court to dismiss the two-count Second Amended Complaint ("Complaint") filed against him (and the Corporate Defendants[1]) by Plaintiff Canon U.S.A., Inc.

---

[1] Defined, *infra*, at Part II ("Background").

("Canon-USA"). (*See* ECF No. 30[2].) The Complaint alleges trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), as well as common law unfair competition. (*See* ECF No. 36.) Canon opposes Houllou's motion to dismiss. (*See* ECF No. 54-2.) For the reasons that follow, Houllou's motion to dismiss is DENIED.

## II. BACKGROUND[3]

*A. Factual Background*

Canon-USA is the exclusive licensee of the CANON trademark ("CANON Mark") from its parent, Canon Inc. The CANON Mark has come to be associated with high quality products, including, *inter alia*, printing, photographic and imaging equipment, and related goods. Among other business, Canon-USA imports, markets, distributes, and sells CANON-brand cameras and photographic products for use and resale in the United States (hereafter, "Genuine CANON Cameras"). As with other Canon-brand products sold under the CANON Mark, Canon-USA extensively advertises Genuine CANON Cameras using multiple avenues to reach consumers, *to wit*: the Internet, television, printed media, trade shows and other promotional means. Its continuous advertising and promotion of Genuine CANON Cameras has elucidated the public about the Genuine CANON Cameras' high quality and fostered the public's confidence in buying those Cameras. Thus, over time, the CANON Mark has acquired substantial goodwill among

---

[2] *See infra* at 6 (regarding the filing of corrected briefs). For reporting purposes, ECF No. 30 is the controlling motion.

[3] The information for this "Background" section is drawn from the allegations in Canon-USA's Complaint, which are assumed to be true for the purposes of deciding Houllou's motion to dismiss. *See generally*, *infra*, Part III(A) (discussing the Rule 12(b)(6) motion to dismiss standard).

consumers, which is very valuable to Canon-USA. To maintain and ensure its continued goodwill, Canon-USA: (1) sells its exclusively licensed Genuine CANON Cameras directly to authorized retailers; and (2) monitors markets, investigating the distribution and sale of non-genuine goods at unauthorized retail locations, which may raise consumer safety concerns, threaten Canon-USA's long-established goodwill, and violate Canon-USA's trademark rights.

Genuine CANON Cameras are manufactured for sale and use in the United States. They: (1) carry unique serial numbers, appearing as barcodes both on the cameras themselves and their accompanying packaging and which are utilized for quality-control purposes; (2) are covered by robust, enforceable Canon-USA warranties; (3) are sold in packaging which provides accurate, specific descriptions of the products contained therein; (4) are accompanied by genuine, original operating manuals; and (5) are equipped with Canon-brand power supplies and accessories, which are engineered to comply with U.S. safety regulations, governmental requirements and certifications.

Defendants F & E Trading LLC, a New York Limited Liability Company; F & E Trading LLC, a New Jersey Limited Liability Company (jointly with F & E Trading LLC, a New York Limited Liability Company, hereafter "F&E"); Big Value Plus LLC, d/b/a Big Value Inc.; Another Deal Site LLC; Platinum Capital Growth LLC, d/b/a Electronics Valley; Electronics Basket LLC; Elite IT Group LLC, d/b/a Davismax, Netsales, Web Offers, and Brand Specials; 6th Avenue Express LLC, d/b/a Gadget Circuit (together with F&E, collectively, the "Corporate Defendants"); and Houllou (together with the Corporate Defendants, collectively the "Defendants"), are wholesalers and retailers of consumer electronics, including cameras. None are authorized retailers, dealers or resellers of Genuine CANON Cameras.

Houllou is a principal of each of the Corporate Defendants (*see* Complaint at ¶20), which: (1) are affiliated with one another (*see id.* at ¶19); (2) are under common ownership and control (*see id.* at ¶ 21); (3) maintain the same principal places of business (*see id.* at ¶22); and (4) make use of F&E's business infrastructure, including its warehouse, shipping facilities, and employees (*see id.*). In addition, Houllou is F&E's founder and chief executive officer ("CEO"), and the personal registrant and owner of its Internet domain name, www.fetrading.com. (*See id.* at ¶¶18, 52,[4] 55.) Online biographies of Houllou describe him as having a "leadership role with the company" and who is "responsible for overseeing all daily operations, including business development, strategic planning, and sales operations. [(*See id.* at ¶18.)] He also oversees the board of directors, manages staff, and makes key decisions about the direction of the firm." (*See id.*)

The Defendants conduct business primarily on the Internet through various domain names and on Internet marketplaces.[5] (*See id.* at ¶ 17.) Within at least the past five years, part of the Defendants' marketing, selling, and distribution of photographic products included products bearing the CANON Mark, but which are not genuine since such goods are either intended for use and resale in Asia or Europe or are otherwise materially different from Genuine CANON Cameras sold in the United States (hereafter, "Gray Market Cameras").

---

[4] *See also* the hyperlink referenced in paragraph 54 of the Complaint, which is a video promoting F&E, set in F&E's warehouse, and in which Houllou states he is the founder of F&E and in which Gray Market Cameras are displayed, available at:
  https://www.youtube.com/watch?v=i1i-R563tdg&feature=youtu.be.

[5] The domain names also include, but are not limited to: www.fetrading.com, www.bigvalueing.com, www.gadgetcircuit.com, and www.6aveexpress.com (collectively, the "Websites"). The Internet marketplaces include, but are not limited to: www.ebay.com, www.amazon.com, and www.rakuten.com (collectively, the "Marketplace").

The material differences in the Gray Market Cameras advertised on the Defendants' Websites and sold by them are that those cameras: (a) either lack or carry marred serial numbers (both on the cameras and the packaging), thereby hampering quality-control efforts; (b) either lack warranty coverage or carry significantly inferior warranties (*e.g.*, with stricter compliance requirements and for shorter durations), thereby tarnishing the inherent goodwill of the Canon brand and wrongly attributing ill-will to Canon-USA; (c) arrive in incorrect packaging, which misleads consumers as to what it is they are receiving and, as a result, tarnish the inherent goodwill of the Canon brand and wrongly attributing ill-will to Canon-USA; (d) are accompanied by inferior photocopied manuals, resulting in damaging Canon-USA's goodwill as consumers may believe it– and not Defendants – are the suppliers of the inferior manuals; and (e) come with power supplies and accessories which are not Canon-manufactured, resulting in the same not being guaranteed for safety and quality, which, in turn, damages the inherent goodwill in the Canon brand since consumers will believe Canon-USA is marketing inferior power supplies and accessories.  Houllou directed the importation of Gray Market Cameras from Asia and Europe and the use of materially different (or eliminated) warranties, incorrect packaging, inferior photocopied product manuals, and third-party and/or non-compliant power supplies and accessories.  The Defendants' sales of and related actions regarding the Gray Market Cameras deprive Canon-USA of the opportunity to earn profits from the sale of Genuine CANON Cameras to consumers.  (*See* Complaint at ¶56.)

*B. Procedural Background*

On October 20, 2015, Canon-USA commenced this action alleging trademark infringement and unfair competition. (*See* ECF No. 1.) The Defendants sought permission to file a motion to dismiss (*see* ECF No. 15.), but, on December 4, 2015, Canon-USA filed an amended complaint, which named additional Defendants and added additional factual allegations regarding Houllou's participation in the alleged trademark infringement and unfair competition. (*See* ECF No. 17.) Houllou moved to dismiss. (*See* ECF No. 30.) Canon-USA opposed the dismissal motion. (*See* ECF No. 30-3.)

After court-ordered initial discovery, the subsequent disclosure of affiliated entities, and a so-ordered stipulation between Canon-USA and the First Amended Complaint Defendants,[6] Canon-USA filed a second amended complaint naming the disclosed affiliate entities as actual defendants, not as "d/b/a"s. (*See* ECF Nos. 35, 36.) Pursuant to the stipulation, both Houllou's motion to dismiss and Canon-USA's opposition thereto (which had been fully briefed and were *sub judice*) were deemed applicable to the second amended complaint (previously defined herein as the "Complaint"). To avoid confusion regarding citations to the Complaint, the Court directed the filing of corrected briefs (*see* Electronic Order dated June 2, 2016), which were filed on June 14, 2016. (*See* ECF No. 54.)

In his dismissal motion, Houllou argues Canon-USA has failed to state a claim against him for direct liability since it has not alleged facts which plausibly show it can pierce the Corporate Defendants' veils. (*See* Houllou's Mot. Dismiss, at 4-6 (ECF No. 54).) It appears that

---

[6] As that term-of-art is defined in the stipulation (*see* ECF No. 43), electronically so-ordered on June 2, 2016.

this argument is meant to apply to both counts of the Complaint.  He also contends that Canon-USA's Complaint is void of non-conclusory facts sufficient to allege contributory liability against him for F&E's alleged violations.  (*See id.* at 6-8.)  Again, the implication seems to be that the non-contributory-liability argument should be considered as to both causes of action raised by Canon-USA.

In opposition, Canon-USA asserts that Houllou's piercing-the-corporate-veil argument is a red herring as "Canon-USA is not seeking to hold Houllo liable as an alter ego of F&E, but for the acts of unfair competition he personally oversaw and participated in as a corporate officer." (Canon-USA's Opp'n at 5 (ECF No. 54-2)(citing *Montana Jewelry, Inc. v. Risis*, No. 11-cv-4875 (DLI)(SMG), 2013 WL 1232324, at *9 (E.D.N.Y. Mar. 26, 2013).)  It maintains it has plead sufficient facts regarding Houllou's own participation in F&E's alleged misconduct to assert a plausible claim for relief against him.  (*See id.* at 6.[7])

Similarly, Canon-USA argues its Complaint sufficiently pleads facts plausibly demonstrating that Houllou is a moving, active, conscious force behind F&E's unfair competition wrongdoing; therefore, its common law unfair competition claim against Houllou should withstand his motion to dismiss.  (*See id.* at 7.)  Moreover, while it concedes the Complaint "does not specifically allege that Houllou had a 'direct financial interest' in the infringement and unfair competition, it does allege that Houllou is the founder, President and CEO of F&E, and that the infringing conduct has deprived Canon[-]USA 'of the opportunity to earn profits from the sale of Genuine CANON Cameras to consumers.'" (*Id.* at 9 (citing

---

[7] Canon-USA also argues that by answering its Complaint, F&E has implicitly acknowledged that Canon-USA has stated plausible claims of trademark infringement and unfair competition against it.  (*See id.*; *see also id.* at 10, n.3.)

Complaint at ¶56).)  Therefore, relying upon the benefit of all reasonable inferences being drawn in its favor, Canon-USA asserts it has alleged that Houllou has a "direct interest in the acts of unfair competition perpetrated by F&E." (*Id.*)

In his reply, Houllou hones in on Canon-USA's clarification that it seeks to hold Houllou personally liable for the alleged infringement by the Corporate Defendants as opposed to liable under a theory of contributory infringement. (*See* Houllou's Reply at 1 (ECF No. 54-3).)  He then reiterates his argument that Canon-USA has failed to allege facts which plausibly assert his personal involvement in the Corporate Defendants' purported misconduct, focusing on allegations regarding a leadership and management position in F&E, while glossing over others. (*See id.* at 3-4.)  Houllou also asserts that Canon-USA's concession that it has not alleged facts which would support piercing F&E's corporate veil "precludes [Canon-USA]'s common law unfair competition claim against Houllou." (*Id.* at 6.)  The Court is unpersuaded.

### III. Discussion

*A. Rule 12(b)(6) Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

The plausibility standard is guided by two principles.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).  First, the principle that a court must accept all allegations as

true does not apply to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Therefore, a plaintiff must provide facts which are sufficient to allow each named defendant to have a fair understanding about what it is the plaintiff is complaining and as to whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

Further, "[i]n making its Rule 12(b)(6) determinations, the court 'may consider any written instrument attached to the complain, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit.' " *Live Face on Web, LLC v. Five Boro Mold Specialist Inc., et al.*, No. 15-cv-4779 (LTS)(SN), 2016 WL 1717218, at *2 (S.D.N.Y. Apr. 28, 2016) (quoting

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

      B.  Regarding the First Cause of Action:
          *Trademark Infringement and Unfair Competition under the Lanham Act*

Contrary to Houllou's contention that Canon-USA needs to pierce F&E's corporate veil in order to hold him liable for the alleged Lanham Act misconduct, and "[w]hile a corporate officer is not necessarily individually liable for torts committed on behalf of the corporation," *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 913-14 (E.D.N.Y. 1988), it is, nonetheless, well-established in the Second Circuit that under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition "if the officer is a moving, active, conscious force behind the corporation's infringement." *FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*, No. 14-cv-3685 (SJF)(SIL), 2015 WL 4162757, at *5 (E.D.N.Y. July 8, 2015) (collecting cases); *see also Krevat v. Burgers to Go, Inc.*, No. 13-cv-6258 (JS)(AKT), 2015 WL 1412707, at *4 (E.D.N.Y. Mar. 23, 2015); *Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06-cv-3140 (RJH), 2011 WL 3678802, at *5 (S.D.N.Y. Aug. 19, 2011)("The case law is clear that if a corporate officer was *either* the sole shareholder and employee, and therefore must have approved of the infringing act, *or* a direct participant in the infringing activity, the officer is a moving, active, conscious[] force behind the corporation's infringement.")(emphasis added; further citations omitted).  "Demonstrating that a corporate officer 'authorized and approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability.'" *Study Logic, LLC v. Clear New Plus, Inc.*, No. 11-cv-4343, 2012 WL 4329349, at *11 (E.D.N.Y. Sept. 21, 2012)(quoting *Bambu Sales*, 683 F. Supp. at 913).  Moreover, "[i]n determining whether the

officer's acts render him individually liable, it is immaterial whether he knows that his acts will result in an infringement." *Bambu Sales*, 683 F. Supp. at 913-14 (quotations, alterations and citation omitted).

In the Complaint, Canon-USA alleges, *inter alia*: Houllou is F&E's founder (*see* Complaint at ¶52); he registered F&E's company website in his name (*see id.* at ¶55); the F&E website contains images of Gray Market Cameras bearing the CANON Mark (*see id.*); at all relevant times, Houllou has been and is F&E's President and CEO (*see id.* at ¶ 18); he has a leadership role in F&E, overseeing its board of directors and managing its staff (*see id.*); Houllou makes key decisions regarding the direction of F&E, including business development, strategic planning, and sales operations (*see id.*); moreover, Houllou is responsible for overseeing all daily operations of F&E (*see id.*); and he directs F&E's importation of Gray Market Cameras from Asia and Europe (*see id.* at ¶¶52, 61), as well as the marketing, distributions, and sales of Gray Market Cameras as Genuine CANON Cameras to U.S. consumers (*see id.* at ¶¶62, 64). Additionally, Houllou is a principal of each of the Corporate Defendants (*see id.* at ¶20), with those Corporate Defendants being affiliated with one another (*see id.* at ¶19), and selling Gray Market Cameras (*see id.* at ¶¶23-25). The Court finds these alleged facts sufficiently plead a plausible cause of action against Houllou for trademark infringement and unfair competition under the Lanham Act.

C. Regarding the Second Cause of Action: Common Law Unfair Competition

"It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham

Act claims." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp.2d 448, 456 (S.D.N.Y. 2005). *See also Elastic Wonder, Inc. v. Posey*, No. 13-cv-5603 (JGK), 2015 WL 273691, at *5 n.5 (S.D.N.Y. Jan. 22, 2015)(quoting *Lorillard Tobacco*); *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp.2d 283, 298-99 (S.D.N.Y. 2010)(state law statutory and common law unfair competition claims "stand or fall with the federal unfair competition claim"); *Info. Superhighway, Inc., v. Talk Am., Inc.*, 395 F. Supp.2d 44, 56 (S.D.N.Y. 2005)("The elements necessary to prevail on common law causes of action for trademark infringement and unfair competition mirror Lanham Act claims.")(citing *TCPIP Holding Co. v. Haar Commc'ns*, No. 99-cv-1825 (RCC), 2004 WL 1620950, at *6 (S.D.N.Y. July 19, 2004); further citations omitted). Thus, since the Court finds Canon-USA has adequately pled sufficient facts to state a plausible claim against Houllou for trademark infringement and unfair competition under the Lanham Act (its first cause of action), it follows that Canon-USA's common law unfair competition claim (its second cause of action) is also sufficiently pled to withstand Houllou's Rule 12(b)(6) motion to dismiss.

IV. CONCLUSION

At the current pleading stage of this case, the Court finds Canon-USA's allegations sufficiently state plausible claims against Houllou for trademark infringement and unfair competition. Accordingly, Houllou's Motion to Dismiss is DENIED.

SO ORDERED this 11th day of January 2017 at Central Islip, New York.

_____/s/_____
Denis R. Hurley
Senior District Court Judge, E.D.N.Y.