UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   For Online Publication Only
CANON U.S.A., INC.,

                                 Plaintiff,        **ORDER**
                                                         15-CV-6015 (JMA) (AYS)
     -against-

F&E TRADING LLC, ET. AL.,

                                 Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Through its October 20, 2015, Complaint, as amended by a First Amended Complaint dated December 4, 2015, and a Second Amended Complaint ("SAC") dated May 31, 2016, Plaintiff Canon U.S.A., Inc. ("Plaintiff") commenced this action to enforce its trademark in the name "Canon." (See ECF Nos. 1, 17, 36.) According to Plaintiff's pleadings, Defendants F&E Trading LLC and numerous affiliated individuals and entities (collectively, "Defendants") are allegedly engaged in the sale of certain of Plaintiff's Canon products that, while manufactured by Plaintiff, are not intended for sale in the United States. (See id.) Defendants' marketing of such goods allegedly violates Federal trademark and State unfair competition laws. (Id.)

       The parties proceeded through, and completed discovery, and on July 21, 2022, were directed by the undersigned to submit a briefing schedule for their proposed Daubert motions. (See ECF No. 130.) The parties did so, and their fully briefed Daubert motions were filed on September 26, 2022. (See ECF Nos. 133-139.) On November 1, 2022, the undersigned referred these motions—which all address the admissibility of expert testimony—to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). (See November 1, 2022 Electronic Order.)

       On June 5, 2023 the Daubert hearings commenced with the testimony of a pair of proffered experts: (1) John Lamb ("Lamb"), Plaintiff's proposed trial expert; and (2) Robert Frank

("Frank"), Defendants' proffered trial expert. (See ECF Nos. 141, 144.) The next day, Magistrate Judge Shields issued an R&R (the "June 6 R&R") wherein she recommended that Lamb be permitted to testify as Plaintiff's trial expert, but that Frank be precluded from testifying. (See ECF No. 142.)

That same day, the Daubert hearings continued with the testimony of the parties' proffered damages experts – Susan Miano ("Miano") for Plaintiff, and Elliott Fishman ("Fishman") for Defendant. (See ECF Nos. 143, 155-1.) After considering the June 6, 2023 testimony, as well as the parties' post-hearing memoranda of law, Magistrate Judge Shields issued a second R&R (the "July 28 R&R," and together with the June 6 R&R, the "R&Rs"), wherein she recommended that Miano be permitted to testify at the trial, and that Fishman be permitted to testify at the trial, except that his testimony should be limited to exclude any references to, or reliance on either of two categories: (1) step accounting; or (2) the theory of perfect competition. (See ECF No. 152.)

Now before the Court are Defendant's objections to the June 6 R&R, which recommends that the Court deny the motion to exclude the testimony of Lamb and grant the motion to exclude the testimony of Frank, as well as both parties' objections to the July 28 R&R, which recommends that the Court deny the motion to exclude Miano's testimony and grant in part and deny in part the motion to exclude Fishman's testimony. (See ECF Nos. 142, 152.) After conducting a review of the full record (including the motion papers, transcripts, the R&Rs, and the parties' objections) and applicable law, the Court adopts Magistrate Judge Shields's R&Rs in their entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc.,

2

717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Shields's R&Rs to which there are no objections. Next, the Court turns to the portion of the R&Rs to which the parties have objected. Specifically, Defendant objects to the June 6 R&R's recommendation that Frank be precluded from testifying at trial and avers that his proffered testimony is both relevant and reliable. (See ECF No. 147.) Further, both parties object to the July 28 R&R, and assert that neither Miano nor Fishman, respectively, should be permitted to offer damages-relevant testimony at trial. (See ECF Nos. 156, 157.)

After conducting a de novo review of the full record (including the motion papers, transcripts, the R&Rs, and the parties' objections) and applicable law, the Court agrees with Magistrate Judge Shields's recommendations, and therefore adopts the R&Rs in their entirety as the opinion of the Court.

Accordingly, the Court: (1) denies Defendant's motion to exclude Lamb's testimony (ECF No. 137); (2) grants Plaintiff's motion to exclude Frank's testimony (ECF Nos. 135, 136); (3) denies Defendant's motion to exclude Miano's testimony (ECF Nos. 138, 139)[1]; and (4) grants in part and denies in part Plaintiff's motion to exclude Fishman's testimony. (ECF Nos. 133 ,134.) This matter shall proceed to trial before this Court.

---

[1] While not the subject of the July 28 R&R, Defendant's supplemental motion to exclude Miano's testimony, ECF No. 148, is rendered moot by the Court's denial of Defendant's primary motion to exclude her testimony. Accordingly, the Court denies Defendant's supplemental exclusion motion in its entirety.

**SO ORDERED.**

Dated:  September 30, 2023
        Central Islip, New York

                                                                                                      /s/   (JMA)
                                                                  JOAN M. AZRACK
                                                                  UNITED STATES DISTRICT JUDGE