UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CANON U.S.A., INC,

                                Plaintiff,                              **REPORT AND**
                                                                        **RECOMMENDATION**
       -against-                                                      CV 15-6015 (JMA)(AYS)

F&E TRADING LLC, et al.,

                                Defendants.
-------------------------------------------------------------------X
ANNE Y. SHIELDS, United States Magistrate Judge:

      As noted in prior opinions of this Court with which familiarity is assumed, Plaintiff Canon USA, Inc. (hereinafter "Canon" or "Plaintiff") commenced this case to enforce its trademark rights in the "Canon" name (hereinafter "Canon"). See Report and Recommendation dated June 6, 2023, Docket Entry herein ("DE") [142] and Report and Recommendation dated July 28, 2023, DE [152]; see generally Second Amended Complaint, DE [36]. Briefly, Defendants are alleged to be engaged in the sale of certain of Plaintiff's Canon products that, while manufactured by Plaintiff, are not intended for sale in the United States. Defendants' marketing of such goods is alleged to violate Federal trademark and State unfair competition laws. See id. Such goods have been, and are referred to herein, as "gray market" goods or "Canon gray goods".

      After the close of discovery the parties raised issues as to the admissibility of the testimony of their adversaries' experts. Resulting Daubert motions were referred to this Court for Report and Recommendation. This Court held hearings during which each proposed expert testified. This Court thereafter issued Daubert decisions which were later adopted as decisions of the District Court. It has now been established that Plaintiff's liability expert John Lamb ("Lamb") will testify at trial; Defendants' liability expert Robert Frank ("Frank") will not. DE

1

[142]; [160]. The parties' <u>Daubert</u> motions were also directed to the testimony of their damages experts. It is now established that Plaintiff's expert Susan Miano will testify without limitation; defense expert Elliot Fishman will testify only regarding his decision to apply a <u>pro</u> <u>rata</u> analysis to expenses incurred in connection with the sale of Canon gray goods. He is precluded from offering testimony about step function accounting or the theory of perfect competition. <u>See</u> DE [152]; [160].

After the Court's <u>Daubert</u> decisions were adopted the District Court requested a joint letter from the parties as to final pretrial conference dates. DE [160]. Counsel responded, not with dates, but with a letter expressing their intentions to move for summary judgment. DE [161]. The District Court referred their requests to this Court to hold any pre-motion conference. At the same time, that Court also referred any motions arising from that conference to this Court for Report and Recommendation. <u>See</u> Order dated October 18, 2023. On November 19, 2023, this Court scheduled an in-person pre-motion conference to be held on December 18, 2023. Counsel and clients were required to attend. <u>See</u> Order dated November 9, 2023. Formal pre-motion conference letters were directed to be submitted in advance of the conference, by December 12, 2023. Those letters were timely submitted. <u>See</u> DE [162] (Defense pre-motion conference letter); DE [163] (Canon pre-motion conference letter); DE [164] (Canon reply to Defense pre-motion conference letter); DE [165] (Defense reply to Canon pre-motion conference letter).

After reviewing the parties' submissions this Court held the scheduled pre-motion conference. At the conference the Court observed that the letters revealed, at the very least, differences in opinion with respect to factual conclusions. They also showed that in some respects, the porposed motions sought to re-hash arguments made and decided in the context of

2

the Daubert motions. The Court communicated these observations to the parties at the pre-motion conference, raising the possibility that counsel and clients consider whether resources were better expended on trial preparation or settlement instead of continuing motion practice in this already protracted litigation. The Court also noted (although perhaps not in these exact words) that not every case cries out for dispositive motion practice, and not every case is appropriate for summary judgment. These sentiments were especially apt where, as here, a pivotal issue upon which Plaintiff's claims rise or fall is intensely fact-bound, i.e., the question of materiality. Undaunted, counsel and their clients chose (as was unquestionably their right) to go ahead and brief their competing motions for summary judgment. For the reasons set forth below, it is respectfully recommended that both of the referred motions be denied.

## BACKGROUND

This case is trial ready. The parties have spent years in discovery. They have fully litigated motions determining whether their experts may testify at trial. Canon will have its liability and damages experts - Lamb and Miano - testify in full. Lamb will testify as to differences between gray market and other Canon goods. Miano will testify fully as to her opinion on damages. Defendants' damages expert - Fishman - will testify in the limited manner set forth in this Court's prior decision. All experts will be subject to full cross examination. The jury will decide what testimony to credit.

The motions presently before this Court are both parties' motions for summary judgment that were referred to this Court for Report and Recommendation in October of 2023, prior to briefing. The motions were fully briefed on May 24, 2024, and are now ripe for decision. The Court turns to discuss their merits.

## DISCUSSION

I.   Legal Standard

The parties move for either partial or full summary judgment. Whether a party seeks judgment as to a full claim or a single issue or party, the standard the Court applies is the same and familiar. Briefly stated, summary judgment is properly granted only if the moving party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "A fact is material if it might affect the outcome of the suit under governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation mark and citation omitted). Summary judgment is appropriate only in cases where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . ." Ricci v. DeStefano, 557 U.S. 557, 586 (2009).

II.   Disposition of the Motions

A.   Canon's Motion

Canon moves for partial summary judgment on the issue of liability. Specifically, it argues that it is entitled to judgment holding that the differences it identifies between gray market and other Canon goods are material as a matter of law. In Canon's view, differences that will be offered (by way of Lamb's testimony) as to product warranties, packaging, power supplies and serial numbers, satisfy the low threshold of materiality - a showing that Canon argues cannot be rebutted at trial. According to Canon, the only issue that should be left for trial is the amount of its damages. See generally DE [173-1].

4

As this Court has noted, and as Canon agrees, it can prevail only if it sustains its trial burden of proving that any of the differences between gray market and other Canon goods are material. See DE [142] at 3 (legal discussion of standards that apply to Plaintiff's claims). There is, as Canon notes, a "low threshold of materiality," which requires Canon to show "no more than a slight difference which consumers would likely deem relevant when considering a purchase of the product." Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 246 (2d Cir. 2009), However low that burden, it does exist. Canon argues that it satisfies this burden as a matter of law and that no rational jury could find otherwise. This Court, which is intimately familiar with the facts and opinions that will be offered in this case, disagrees. Canon will present its case to the jury. Defendants will have the opportunity to argue that Canon has not sustained even its "low threshold" burden, and the jury will make its decision. The motion for summary judgment should be denied.

    B.    <u>Defendants' Motion</u>

Like Canon, Defendants seek summary judgment on the issue of materiality. After making the less than shocking statements that this case "is about money" and Canon "wants more of it" Defendants argue that the alleged differences between gray market and other Canon goods are trivial. They argue further that even if such trivial differences are deemed material, no reasonable consumer could fail to be aware of them because Defendants' point of sales disclosures (which are alleged to be the same as those made by authorized dealers selling gray goods) prevent any likelihood of confusion. DE [168-1] at 2. At bottom, Defendants argue that the disclosures it makes to consumers defeats Canon's claims as a matter of law.

The first part of Defendants' argument (even when they assume materiality) relies on the assertion that Canon authorized dealers also sell gray market goods and disclose to their

5

customers differences between those goods and other Canon goods. Canon is alleged to be aware of and approve this practice. This assertion, even if proven at this juncture as a fact (which it is not) is made in furtherance of some argument that because Canon authorized dealers engage in the same conduct as Defendants, Canon's case is completely undermined. It is not. First, Canon does not agree that its authorized dealers (or anyone else who is not a defendant herein) engages in the same conduct as Defendants. Even if they did, that does not require dismissal of Canon's claims against Defendants. Canon sued Defendants in this case; they are not required to sue every party - or alleged authorized dealer of Canon products - that markets Canon gray goods.

As during litigation of the <u>Daubert</u> motions, Defendants fault Canon (and Lamb) for failing to show actual consumer confusion. There is no question but that Lamb offers his opinion on materiality; he does not state anything about any likelihood of confusion. As referenced above, this case will be won or lost on the jury's materiality determination -- a question of fact that is not appropriate for disposition in the context of a motion for summary judgment.

Defendants also argue that there is no evidence of material differences in products they marketed and other Canon goods following 2013. Like their other augments, this relies on disclaimers allegedly contained on goods and various websites before and after 2015. Like all of the arguments raised in the parties' motions, this argument relies on facts regarding disclosures that cannot be decided in the context of a motion for summary judgment. To the extent that Defendants seek summary judgment on the merits of Canon's claims, that motion should be denied.

Finally, in addition to moving for summary judgment on liability, Defendants seek dismissal of Defendant Albert Hollou ("Hollou") from this case. In support of this branch of their motion Defendants argue that there is no evidence that Hollou was, as required to impose

6

personal liability, a "moving force" behind any of the alleged Lanham Act violations. See Louis Vuitton Malletier, S.A. v. Sunny Merch. Corp., 97 F Supp.3d 485, 502 (S.D.N.Y. 2015). In response, Canon argues that questions of fact preclude summary judgment on this issue. The Court agrees. Canon relies on excerpts from Hollou's deposition testimony showing his involvement that create a triable issue of fact regarding his individual liability. See DE [172-1] at 24-25. It will, at trial, be Plaintiff's burden to show personal liability. At this juncture there is sufficient evidence to allow the claim against Hollou to proceed. Defendants' motion for summary judgment seeking dismissal of Hollou should be denied.

## CONCLUSION

For the foregoing reasons it is respectfully recommended that the motions of both the Plaintiff and Defendants, appearing at Docket Entries 168 and 173 herein be denied in their entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d

Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
       September 9, 2024

                                                  /s/ Anne Y. Shields
                                                  ANNE Y. SHIELDS
                                                  United States Magistrate Judge