UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CANON U.S.A. INC.,

                            Plaintiff,

-against-

F&E TRADING LLC, *a New York Limited Liability Company*, F&E TRADING LLC, *a New Jersey Limited Liability Company*, ALBERT HOLLOU, BIG VALUE PLUS LLC, *doing business as Big Value Inc.*, ANOTHER DEAL SITE LLC, PLATINUM CAPITAL GROWTH LLC, *doing business as Electronics Valley*, ELECTRONICS BASKET LLC, ELITE IT GROUP LLC *doing business as DavisMax doing business as Netsales doing business as Web Offers doing business as Brand Specials*, and 6th AVENUE EXPRESS LLC *doing business as Gadget Circuit*,

                            Defendants.
------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
15-CV-06015 (JMA) (AYS)

**FILED**
**CLERK**

11/13/2024 10:59 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Presently before the Court are the cross-motions for partial summary judgment by Plaintiff and Defendants, and Magistrate Judge Anne Y. Shields's September 9, 2024, Report and Recommendation ("R&R") that the Court deny both motions. (See Defs.' Mot. Partial Summ. J., ECF No. 168; Pl.'s Mot. Partial Summ. J., ECF No. 173; R&R, ECF No. 174.) For the reasons explained below, the Court ADOPTS the R&R's conclusion and DENIES the parties motions for partial summary judgment.

                            **I.    BACKGROUND**

The Court presumes familiarity with the background of this case, which is described in the R&R and several prior court orders. (See R&R, ECF No. 174 at 1-3); Canon U.S.A., Inc. v. F&E Trading LLC, No. 15-CV-6015, 2023 WL 6389057, at *1 (E.D.N.Y. Sept. 30, 2023); Canon U.S.A., Inc. v. F & E Trading LLC, No. 15-CV-6015, 2017 WL 4357339, at *1-2 (E.D.N.Y. Sept.

29, 2017).  Defendants filed timely objections asserting that a portion of the R&R's analysis may be construed to preclude them from making certain future legal arguments.  (ECF No. 175.)  Plaintiff filed a timely response to those objections.  (ECF No. 176.)  None of the parties objected to the R&R's recommendation that the Court deny both motions for partial summary judgment.

## II.     LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar).  In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made."  28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017).  By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed."  Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted).  Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'"  Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).

In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record."  Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).  Relatedly, "[w]here

parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

## III. DISCUSSION

None of the parties objected to the R&R's conclusion that the Court should deny Plaintiff's partial summary judgment motion. (See R&R, ECF No. 174 at 4-5.) Likewise, none of the parties objected to the R&R's conclusion that the Court should deny Defendants' partial summary judgment motion. (See id. at 5-7.) The Court has reviewed the record and those unopposed portions of R&R for clear error and finds none.

Defendants object to a portion of the R&R's analysis—but not its conclusion that both summary judgment motions should be denied. (See ECF No. 174 at 2, 4-7.) That is, Defendants assert that the R&R "can be read" as precluding Defendants from arguing at trial that Plaintiff "allows its own authorized dealers to sell imported Canon merchandise that have the same purported material differences as those sold by Defendants." (Id. at 2 (emphasis removed) (describing R&R, ECF No. 174 at 5-6); see id. at 6 (urging the Court to not preclude Defendants from arguing at trial how the law applies in this case).) The Court does not read the R&R in the manner Defendants describe in their objections. The relevant portion of the R&R merely concluded that whether Plaintiff's authorized dealers sold the same infringing products as Defendants is a disputed issue of fact for which summary judgment is inappropriate. (See R&R, ECF No. 147 at 5-6.) Accordingly, Defendants' objection to the R&R is OVERRULED.[1]

---

[1] For avoidance of doubt, the Court reiterates that the R&R does not preclude Defendants from arguing to the Court how the law applies at trial in this case.

3

## IV. CONCLUSION

For the reasons stated above, the Court adopts the R&R's conclusion. Accordingly, the parties' respective partial summary judgment motions are DENIED.

The parties shall submit a joint proposed pretrial order directed to Judge Shields and consistent with the undersigned's Individual Rule VI.A by **November 26, 2024**. See Judge Joan M. Azrack's Individual Rule VI.A (requiring each joint pretrial order to "be prepared under the supervision" of the assigned magistrate judge). Any requests for an extension of that deadline must be directed to Judge Shields. See id. (requiring each joint pretrial order to be finalized under the schedule set by the assigned magistrate judge).

**SO ORDERED.**

Dated: November 13, 2024
      Central Islip, New York

                                              /s/ JMA
                                        JOAN M. AZRACK
                          UNITED STATES DISTRICT JUDGE